UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Justin Jamal Lewis, | ) | C/A No. 8:24-cv-7660-BHH-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Bryan P. Stirling, Culick, Robert Shirriell, Jerry | ) | |
| Eastling, Fields, Price, Smith, Mackey, McElveen, | ) | |
| Jackson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Justin Jamal Lewis ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging Defendants[1] violated his rights under the United States Constitution. Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the Lee Correctional Institution ("Lee"). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the District Court. For the reasons below, Bryan P. Stirling ("Stirling") is subject to dismissal from this action. Service will be authorized by separate Order for the other Defendants named in this action.

---

[1] The Defendants listed in the caption above are those named in the Amended Complaint. Certain Defendants named in the original Complaint were terminated upon the filing of the Amended Complaint.

1

## BACKGROUND

**Procedural History**

Plaintiff commenced this action on December 23, 2024,[2] by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. By Order dated January 6, 2025, the Court notified Plaintiff that this action was subject to summary dismissal for the reasons identified by the Court in that Order. ECF No. 9. The Court noted, however, that Plaintiff may be able to cure the pleading deficiencies of the Complaint and granted Plaintiff twenty-one days to amend the Complaint. *Id.* at 8. Further, Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

*Id.* (emphasis omitted). Plaintiff filed an Amended Complaint, which was entered on January 21, 2025.[3] ECF No. 11.

An amended complaint replaces all prior complaints and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading

---

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The envelope containing the Complaint was time-stamped as having been received by the prison mailroom on December 23, 2024. ECF No. 1-2 at 2.

[3] By Order dated January 6, 2025, Plaintiff was directed to bring the case into proper form by filing appropriate service documents. ECF No. 7. Plaintiff has complied with the Court's Orders and this case is now in proper form.

it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). Accordingly, the Court considers only the allegations in the Amended Complaint.

**Factual Allegations**

Plaintiff makes the following allegations in his Amended Complaint. ECF No. 11. Plaintiff contends Defendants violated his rights under the Sixth, Eighth, and Fourteenth Amendments, asserting the following claims: breach of security, failure to protect, medical neglect, cruel and unusual punishment, due process violations, conditions of confinement, neglect, and violations of various prison policies. *Id.* at 6. Plaintiff contends the events giving rise to his claims occurred at the Lee Correctional Institution ("Lee") and Evans Correctional Institution ("Evans") in the Restrictive Housing Units ("RHU") on various dates in October, November, and December 2024. *Id.* at 7. Plaintiff contends he was subjected to medical neglect, malnourishment, and weight loss on October 24, 2024. *Id.* Plaintiff asserts he was assaulted by Shirriell, Eastling, and Fields in the Lee RHU and was denied medical on November 21, 2024; he was assaulted by Price on December 2, 2024; he was assaulted and subjected to "breach of security," failure to protect, and excessive use of force by Eastling and Price on December 30, 2024. *Id.* Plaintiff also asserts he was assaulted by McElveen and Jackson on October 16, 2024, in the RHU parking lot at Evans with "black box restraints" and denied medical. *Id.* Plaintiff contends he was assaulted on December 2, 2024, by Price in Lee RHU. *Id.* at 9. Plaintiff contends he was illegally "maced" by Eastling and assaulted by Eastling and Price in the Lee RHU on December 30, 2024. *Id.* Plaintiff asserts he has been denied medical treatment, "KOP" medicine, x-rays, orthopedics, podiatry, and physical therapy. *Id.* Plaintiff contends his legal materials are being limited. *Id.*

3

Plaintiff contends he spoke to special agents regarding these events in December 2024. *Id.* at 8. Plaintiff asserts he was denied legal materials on December 10, December 16, December 19, and December 21, 2024, by Classification Smith. *Id.* Plaintiff alleges Culick denied him medical treatment, refused to order his "KOP" ibuprofen, laxative, blood pressure medicine, and acid reflux medicine. *Id.* Plaintiff asserts Classification Smith cancelled his x-ray appointment, rescheduled his orthopedic appointment, denied podiatry treatment for his bunions, refused emergency medical sick calls, refused medical treatment and pain medicine after assaults, refused physical therapy for physical injuries, and made medical decisions without screening Plaintiff and without checking his vitals. *Id.* Plaintiff contends he was assaulted on multiple occasions at Lee and denied medical treatment by Shirriell and Culick. *Id.* Plaintiff alleges Food Services Officer Mackey denied him milk, proper meal portions, proper item selections, and served Plaintiff items on his healthy heart brunch tray that are not authorized on the master menu such as collard greens and cabbage in small portions that do not meet the nutritional goals of his healthy heart brunch. *Id.* Plaintiff contends Mackey denied Plaintiff snacks, which were placed on his menu by Dr. Burnham because he was diagnosed prediabetic. *Id.* Plaintiff contends Mackey served him food tasting like chemicals and drugs that made Plaintiff feel drugged. *Id.* Plaintiff asserts he was hit in the face by Eastling on November 21, 2024, his head was slammed into bars on the door in the RHU hallway, and he was punched by Fields. *Id.* According to Plaintiff, after reporting suicidal thoughts on November 21, 2024, Shirriell slammed Plaintiff's hand in the door flap. *Id.* Plaintiff contends on October 16, 2024, he was punched by Jackson, kicked in the face by McElveen, and dragged by his ankle chains by Jackson and McElveen at Evans. *Id.* Plaintiff asserts Stirling has knowledge of all incidents but continues to allow Defendants to work around Plaintiff. *Id.*

4

For his injuries, Plaintiff contends he suffered a head injury, arm pain, back pain, knee pain with swelling, hip pain with swelling, dental issues, foot pain, numbness in his feet, bunion pain in his toes, neck pain, join pain, skin issues, hemorrhoid issues, kidney issues, extreme psychological damage and injury, vision injuries, and extreme weight loss. *Id.* at 9. Plaintiff contends he is taking sleep and anxiety medicine and is receiving counseling. *Id.* Plaintiff requests punitive damages in the amount of $20,000,000 and actual damages in the amount of $10,000,000 for violations of his Sixth Amendment right to effective assistance of counsel, legal expenses, cost for future legal expenses, loss of liberty, long term physical injury, pain and suffering, extreme psychological injury, vision loss, and medical coverage. *Id.*

## STANDARD OF REVIEW

Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and he "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This statute charges the Court with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Plaintiff has also requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, which authorizes this Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se*

5

pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in his pleadings, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). "A claim has 'facial plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

6

## DISCUSSION

Defendant Stirling is subject to dismissal because Plaintiff has failed to allege facts against him in the Amended Complaint sufficient to state a claim for relief. In a § 1983 action, a plaintiff must plead facts indicating that each defendant acted personally in the alleged deprivation of constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977); *Faltas v. South Carolina*, C/A No. 3:11-cv-3077-TLW-SVH, 2012 WL 988105, at *4 (D.S.C. Jan. 27, 2012), *R&R adopted by* 2012 WL 988083 (D.S.C. Mar. 22, 2012), *aff'd*, 489 F. App'x 720 (4th Cir. 2012). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See, e.g., Reaves v. Richardson*, C/A No. 4:09-cv-820-TLW-SVH, 2011 WL 2119318, at *6 (D.S.C. Mar. 1, 2011) ("[W]ithout such personal involvement, there can be no liability under section 1983."), *R&R adopted by* 2011 WL 2112100 (D.S.C. May 27, 2011); *Fox v. Drew*, C/A No. 8:12-cv-421-MGL, 2013 WL 4776706, at *11 (D.S.C. Sept. 4, 2013) (explaining that a defendant is liable in his individual capacity only for his personal wrongdoing), *aff'd*, 563 F. App'x 279 (4th Cir. 2014). In the absence of substantive allegations of personal wrongdoing against Stirling, the Court is unable to liberally construe any type of plausible cause of action arising from the Amended Complaint against him. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (explaining *in forma pauperis* statute allows dismissal of claims that are either legally or factually baseless); *Weller*, 901 F.2d at 389 n.2 (finding dismissal proper where there were no allegations to support claim); *Odom v. Trident Hosp. Dir.*, C/A No. 5:17-cv-02540-RMG-KDW, 2017 WL 6016407, at *4 (D.S.C. Nov. 1, 2017), *R&R adopted by* 2017 WL 5992088 (D.S.C. Dec. 4, 2017). The sole allegation in the Amended Complaint as to Defendant Stirling is that he has knowledge of all the incidents complained of but continues to allow Defendants to work around Plaintiff. Such an

allegation is insufficient to show Defendant Stirling was personally involved in the deprivation of Plaintiff's constitutional rights.

To the extent Plaintiff sues Defendant Stirling in a supervisory capacity, a § 1983 claim generally cannot be based on the doctrine of respondeat superior or supervisory liability. *Iqbal*, 556 U.S. at 667. The Amended Complaint fails to allege that Defendant Stirling, who is the Director of SCDC, was personally involved in the alleged deprivations of Plaintiff's constitutional rights, and Defendant Stirling's broad supervisory responsibilities do not impose supervisory liability under § 1983. Therefore, the Amended Complaint fails to state a claim against Defendant Stirling for the violation of a federal right under § 1983 and he is entitled to dismissal. *See Primus v. Stirling*, C/A No. 1:13-cv-415-JFA-SVH, 2014 WL 12538158, at *2 (D.S.C. May 7, 2014), *R&R adopted by* 2014 WL 12538157 (D.S.C. July 29, 2014), *aff'd*, 583 F. App'x 250 (4th Cir. 2014); *Williams v. Stirling*, C/A No. 9:17-cv-2538-CMC-BM, 2017 WL 6885229, at *3 (D.S.C. Dec. 15, 2017), *R&R adopted by* 2018 WL 339287 (D.S.C. Jan. 9, 2018).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court **DISMISS** Defendant Stirling from this action. The action continues to be pending against the remaining Defendants and a serve order will issue concurrently with this Report and Recommendation.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

February 3, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

8

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).